This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JERRY V. RICE,**

Plaintiff-Appellant,

v.                                                                           **NO. 32,582**

**RUTH E. WRIGHT, GENE RICE,**
**RUTH GRIEGO RICE, LINDA LEAL,**
**DALE LONG, MARIA SMITH, and**
**ANITA HODGIN,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Fuentes Law Office, P.C.
Robert R. Fuentes
Rio Rancho, NM

for Appellant

Law Offices of Brad L. Hays, LLC
Brad L. Hays
Rio Rancho, NM

for Appellees Gene Rice and Ruth Griego Rice

Dale Long
Rio Rancho, NM

Pro Se Appellee

Maria Y. Smith
Rio Rancho, NM

Pro Se Appellee

Anita Hodgin
Corrales, NM

Pro Se Appellee

Linda Leal
Corrales, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}    Plaintiff Jerry Rice appeals a judgment in favor of Defendants on his malicious abuse of process claim against them.  In our notice of proposed summary disposition, we proposed to affirm.  Rice has filed a memorandum in opposition, and Defendants have filed memoranda in support, all of which have been duly considered by this Court.  As we do not find Rice's arguments persuasive, we affirm.

{2}    Rice contends that the district court erred in granting Defendants' motion  to dismiss Rice's claim for malicious abuse of process under Rule 1-041(B) NMRA. [DS 6]  The district court's decision was based on facts that were stipulated to by the

2

parties. In our notice of proposed summary disposition, we proposed to hold that the district court did not err in concluding that, based on the stipulated facts, Rice had failed to prove his claim. We noted that it was undisputed that Rice was bound over for trial in the magistrate court, that he was convicted in the magistrate court, that he received a trial de novo in district court, and that he then entered a no contest plea in district court, acknowledging that the evidence against him was sufficient to support a conviction. [RP 377-78, 390-91]. We proposed to hold that the district court did not err in concluding that any conduct by Defendants in initiating the criminal complaint did not support a claim for malicious abuse of process. *See Weststar Mortg. Corp. v. Jackson*, 2003-NMSC-002, ¶ 18, 133 N.M. 114, 61 P.3d 823 ("The fact that a plaintiff has been bound over for trial on the criminal matter constitutes prima facie evidence of the existence of probable cause for the detention." (alteration, internal quotation marks, and citation omitted)).

{3}     In Rice's memorandum in opposition, he argues that this Court should apply a whole-record review standard to this appeal. [MIO 2] He cites to *Nelson v. Homier Distrib. Co., Inc.*, 2009-NMCA-125, ¶ 35, 147 N.M. 318, 222 P.3d 690, in support of his argument. [MIO 1] That case was a workers' compensation case and, as with other appeals from administrative agencies, claims regarding the sufficiency of the evidence are reviewed under a whole-record standard of review. *See Bass Enters. Prod. Co. v. Mosaic Potash Carlsbad Inc.*, 2010-NMCA-065, ¶ 28, 148 N.M. 516,

3

238 P.3d 885 (stating that, when reviewing the decision of an administrative agency, claims regarding the sufficiency of the evidence are reviewed under the whole-record standard of review). Here, we are not reviewing the decision of an administrative agency, and thus the whole-record standard does not apply.

{4}     Next, Rice contends that the initial filing of the criminal complaint by Defendant Gene Rice was an irregularity suggesting harassment because it was not filed on Gene Rice's own behalf. [MIO 3-4] However, assuming without deciding that this action did in fact constitute an irregularity suggesting harassment, it was undisputed that this original complaint was dismissed, and that the complaint was then re-filed by an officer of the state. [*See* DS 3] It was this second complaint on which Rice was tried. [*See* DS 3] Accordingly, the claimed procedural irregularity with respect to the initial complaint did not lead to any damages, which is an element of a malicious abuse of process claim. *See LensCrafters, Inc. v. Kehoe*, 2012-NMSC-020, ¶ 30, 282 P.3d 758.

{5}     Finally, Rice argues that the contents of the original complaint filed by Defendant Gene Rice were false and that he received a conditional discharge on the subsequent complaint that was based on the false allegations, such that it was error for the district court to conclude that he could not prove his malicious abuse of process claim. [MIO 8-11] However, an unfavorable termination of a criminal case is conclusive evidence that the allegations were supported by probable cause. *Weststar*

4

*Mortg. Corp.*, 2003-NMSC-002, ¶ 19.  Although Rice suggests that his conditional discharge was favorable to him since the case was dismissed without an adjudication of guilt, it was only favorable procedurally, in that the district court, in an exercise of discretion, chose to dispose of the case pursuant to NMSA 1978, Section 31-20-13 (1994).  That disposition required a finding on the merits that Rice was guilty of the crime charged.  *See* § 31-20-13(A) ("When a person . . . is found guilty of a crime for which a deferred or suspended sentence is authorized, the court may, without entering an adjudication of guilt, enter a conditional discharge order and place the person on probation[.]").  Therefore, this dismissal was not due to any defect in the merits of the underlying claim.  A dismissal on grounds other than the merits does not constitute a favorable termination for purposes of a malicious abuse of process claim.  *Weststar Mortg. Corp.*, 2003-NMSC-002, ¶ 19 (stating that, when a criminal prosecution is terminated for a reason that is not related to the merits, the termination is not considered to be favorable to the accused).

{6}     Therefore, for the reasons stated in this Opinion and in our notice of proposed summary disposition, we affirm.

{7}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

5

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**